# REGISTER OF ACTIONS
## CASE NO. C-2888-14-B

| | | |
|---|---|---|
| Eloy Saenz, MIGUEL DOMINGUEZ, DEANNA SANCHEZ VS. ASI Lloyds | §<br>§<br>§<br>§<br>§ | **Case Type:** Contract - Consumer/Commercial/Debt (OCA)<br>**Subtype:** Hail Storm 2012 - 370th<br>**Date Filed:** 03/28/2014<br>**Location:** 93rd District Court |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | ASI Lloyds | **JAY SCOTT SIMON**<br>*Retained*<br>713-403-8210(W) |
| **Plaintiff** | DOMINGUEZ, MIGUEL | **A. PETER THADDEUS, Jr.**<br>*Retained*<br>956-630-3266(W) |
| **Plaintiff** | Saenz, Eloy | **A. PETER THADDEUS, Jr.**<br>*Retained*<br>956-630-3266(W) |
| **Plaintiff** | SANCHEZ, DEANNA | **A. PETER THADDEUS, Jr.**<br>*Retained*<br>956-630-3266(W) |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

| | |
|---|---|
| 08/15/2014 | **Dismissed** (Judicial Officer: Reyna, Rose G.) |

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/28/2014 | **Original Petition (OCA)**<br>*Original Petition* | | |
| 04/07/2014 | **Citation By Certified Mail**<br>ASI Lloyds | Served<br>Returned | 04/10/2014<br>04/14/2014 |
| 04/08/2014 | **Amended**<br>*PLAINTIFFS FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE* | | |
| 04/10/2014 | **Clerk's Entry**<br>*called atty's office informed them of missing $70 c/m fee. they will efile the fee today* | | |
| 05/05/2014 | **Answer**<br>*Defendant's Original Answer* | | |
| 05/05/2014 | **Jury Demand**<br>*Letter to Clerk - Jury Fee* | | |
| 08/13/2014 | **Motion**<br>*motion for dismissal* | | |
| 08/14/2014 | **E-Filing Forwarded to Court Queue**<br>*sent to MDL order for dismissal* | | |
| 08/14/2014 | **E-Filing Forwarded to Court Queue**<br>*ORDER OF DISMISSAL* | | |
| 08/15/2014 | **Order of Dismissal with Prejudice, Signed**<br>*AGREED ORDER OF DISMISSAL WITH PREJUDICE* | | |
| 08/26/2014 | **Notice**<br>*AGREED ORDER OF DISMISSAL WITH PREJUDICE SENT TO ALL PARTIES ON ORDER* | | |
| 11/06/2014 | **Court Costs Paid**<br>*Refund $8.00 for citaiton paid on 4/8/14 and not issued* | | |
| 03/05/2015 | **Request**<br>*Plaintiff's First Amended Petition and Request for Disclosures* | | |
| 03/10/2015 | **First Amended**<br>*Plaintiffs First Amended Petition* | | |
| 03/11/2015 | **Citation By Certified Mail**<br>*sent c/m*<br>ASI Lloyds | Served<br>Returned | 03/16/2015<br>03/25/2015 |
| 03/11/2015 | **Service Issued**<br>*TO: ASI LLOYDS : RODNEY D. BUCKER SENT C/M* | | |
| 04/06/2015 | **Amended Answer**<br>*DEFENDANT ASI LLOYD'S FIRST AMENDED ANSWER AND SPECIAL EXCEPTIONS* | | |

---

### FINANCIAL INFORMATION

# EXHIBIT B

**Defendant** ASI Lloyds

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 36.00 |
| | Total Payments and Credits | | | 36.00 |
| | **Balance Due as of 04/14/2015** | | | **0.00** |
| 04/06/2015 | Transaction Assessment | | | 2.00 |
| 04/06/2015 | EFile Payments from TexFile | Receipt # DC-2015-25552 | ASI Lloyds | (2.00) |
| 05/06/2014 | Transaction Assessment | | | 32.00 |
| 05/06/2014 | EFile Payments from TexFile | Receipt # DC-2014-40461 | ASI Lloyds | (32.00) |
| 08/26/2014 | Transaction Assessment | | | 2.00 |
| 08/26/2014 | EFile Payments from TexFile | Receipt # DC-2014-78878 | ASI Lloyds | (2.00) |

**Plaintiff** DOMINGUEZ, MIGUEL

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 110.00 |
| | Total Payments and Credits | | | 110.00 |
| | **Balance Due as of 04/14/2015** | | | **0.00** |
| 03/10/2015 | Transaction Assessment | | | 108.00 |
| 03/10/2015 | EFile Payments from TexFile | Receipt # DC-2015-18391 | DOMINGUEZ, MIGUEL | (108.00) |
| 03/11/2015 | Transaction Assessment | | | 2.00 |
| 03/11/2015 | EFile Payments from TexFile | Receipt # DC-2015-18919 | DOMINGUEZ, MIGUEL | (2.00) |

**Plaintiff** Saenz, Eloy

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 409.00 |
| | Total Payments and Credits | | | 409.00 |
| | **Balance Due as of 04/14/2015** | | | **0.00** |
| 03/28/2014 | Transaction Assessment | | | 386.00 |
| 03/28/2014 | EFile Payments from TexFile | Receipt # DC-2014-25996 | Saenz, Eloy | (386.00) |
| 04/08/2014 | Transaction Assessment | | | 23.00 |
| 04/08/2014 | EFile Payments from TexFile | Receipt # DC-2014-29897 | Saenz, Eloy | (23.00) |

## C-2888-14-B
## 93RD DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**ASI Lloyds**
**RODNEY D. BUCKER**
**700 NORTH PEARL STREET, 25TH FLOOR**
**DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 93rd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 10th day of March, 2015 and a copy of same accompanies this citation.  The file number and style of said suit being, **C-2888-14-B, ELOY SAENZ  VS.  ASI LLOYDS**

Said Petition was filed in said court by Attorney PAPE MAKICK DJIBA; 121 N. 10TH ST. MCALLEN, TX 78501

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 11th day of March, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**ALFONSO FUENTES DEPUTY CLERK**

RECEIVED

MAR 16 2015

TCCI

**CERTIFIED MAIL  70142120000153207065**

### CERTIFICATE OF RETURN
### UNDER RULES 103 T.R.C.P.

This is to certify that on this the 11th day of March, 2015 I, Alfonso Fuentes, Deputy Clerk of the 93rd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-2888-14-B, Eloy Saenz  VS.  ASI Lloyds a copy of the citation along with a copy of the petition by certified mail return receipt requested.  Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 11th day of March, 2015.


**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**


_____
**ALFONSO FUENTES, DEPUTY CLERK**


### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My   name   is   _____,   my   date   of   birth   is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
4/8/2014 2:31:21 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla
Electronically Filed
3/10/2015 11:28:19 AM
Hidalgo County District Clerks

CAUSE NUMBER C-2888-14-B

Reviewed By: Alfonso Fuentes

| | | |
|---|---|---|
| ELOY SAENZ, AND | § | IN THE DISTRICT COURT OF |
| MIGUEL DOMINGUEZ and | § | |
| DEANNA SANCHEZ | § | |
| PLAINTIFFSs, | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS | § | |
| Defendant | § | 93RD JUDICIAL DISTRICT |

---

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, ELOY SAENZ, and MIGUEL DOMINGUEZ and DEANNA SANCHEZ (hereinafter referred to as ("PLAINTIFFSS"), and files their First Amended Petition against DEFENDANT, ASI LLOYDS for cause of action would respectfully show the Court the following:

### I.    Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intends to conduct discovery under Level 3.

### II.    Service of Process

Defendant, ASI LLOYDS., may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service Rodney D Bucker, 700 North Pearl Street, 25th Floor, Dallas TX 75201-2825.

ASI LLOYDS is in the business of insurance in the State of Texas.   The insurance business done by ASI LLOYDS in Texas includes, but is not limited to the following:

1

Electronically Filed
8/6/2015 1:28:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

1.      The making and issuing of contracts of insurance with the PLAINTIFFS;

2.      The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3.      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5.      The adjusting and inspection of PLAINTFF'S insurance claims;

6.      Making insurance coverage decisions;

7.      Taking part in making insurance coverage decisions; and

8.      Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

### III.     Jurisdiction and Venue

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the properties insured is situated in HIDALGO County, Texas; PLAINTIFFS' losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

### IV.     Facts

ASI LLOYDS and/or its agents committed the actions alleged against PLAINTIFFS in this complaint. PLAINTIFFSS own the properties located at: (Eloy

Electronically Filed
Electronically Filed 1:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla
Reviewed By: Omar Escamilla

Saenz; 4225 Jennifer Street, Edinburg, Texas 78541; Policy No.: TXL300127) (Miguel

Dominguez and Deanna Sanchez; 1802 Point West Dr., Edinburg, Texas 78539; Policy

#TXL257840; Claim #256654). ASI LLOYDS provided coverage to the PLAINTIFFSS

for such building, personal properties, and other matters under ASI LLOYDS insurance

Policy No. TXL300127. During the term of said policy, PLAINTIFFSS sustained

covered losses in the form of a windstorm and rain on June 15, 2013 in Hidalgo County,

and water damages resulting there from, including damage to the architectural finishes of

the properties. PLAINTIFFS promptly reported losses to ASI LLOYDS pursuant to the

terms of the insurance policy. As a result, PLAINTIFFS properties sustained damage,

including the cost of destruction and restoration of the properties necessary to access and

fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy

with ASI LLOYDS. PLAINTIFFS have been damaged in an amount in excess of the

minimum jurisdictional limits of this Court, including injuries sustained as a result of

having conduct business during the pendency of ASI LLOYDS's conduct.

V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to ASI LLOYDS in

such manner as to fully comply with the terms and conditions of the relevant insurance

policies or other contracts and applicable law. More than sixty days prior to the filing of

this suit, written demand for payment and notice of complaint pursuant to Texas

Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was

sent to ASI LLOYDS. All of the conditions precedent to bring about this suit under the

insurance policy have occurred. Despite the fact that all conditions precedent to

PLAINTIFFS' recovery has occurred and/ or has been performed, ASI LLOYDS has

3

Electronically Filed
8/10/2020 11:28:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

failed and refused to pay PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations.

### VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with ASI LLOYDS. PLAINTIFFS' properties were damaged by windstorm and water damage, of which are covered under the insurance policy. ASI LLOYDS has denied and/or delayed payment of PLAINTIFFS' covered claims. ASI LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. ASI LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of ASI LLOYDS was irresponsible, and unconscionable. ASI LLOYDS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. ASI LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of ASI LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS.

### VII.    Second Cause of Action: DTPA Violations

PLAINTIFFS are consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, ASI LLOYDS has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFFS damages:

(a)    ASI LLOYDS made false representations about PLAINTIFFS rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

4

Electronically Filed
8/19/2014 11:28:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

(b)     ASI LLOYDS' actions constitute an unconscionable course of conduct entitling PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     ASI LLOYDS failed to disclose information to PLAINTIFFS concerning the nature and extent of their insurance policy which was known by ASI LLOYDS at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, ASI LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ASI LLOYDS took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS properties. ASI LLOYDS' conduct as described herein was a producing cause of damages to PLAINTIFFS for which PLAINTIFFS sue. The conduct of the ASI LLOYDS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, ASI LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII.   Unfair Insurance Practices

5

Electronically Filed
Electronically Filed 4/8/2015 9:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

ASI LLOYDS failed to inform PLAINTIFFS of material facts such as the true scope of damage and cost to repair. ASI LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. ASI LLOYDS have failed to address all damage to the properties and its contents causing further damage to the PLAINTIFFS. Further, ASI LLOYDS have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and have intentionally ignored damages to the dwelling. PLAINTIFFS' properties suffered from covered losses and damages of which ASI LLOYDS are fully aware. ASI LLOYDS has concealed damage known by them to exist. ASI LLOYDS has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' pleas for help. ASI LLOYDS has failed to warn PLAINTIFFS of consequential damage to their properties.

By its conduct outlined above, ASI LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ASI LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    ASI LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)    ASI LLOYDS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for

Electronically Filed
Electronically Filed 8:19 AM
4/6/2015 County District Clerks
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

denial of the claim or for the offer of a compromise settlement of the claim (Tex.
Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   ASI LLOYDS refused to pay a claim without conducting a reasonable
investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC
section 21.203(15));

(4)   ASI LLOYDS breached its duty of good faith and fair dealing at common law;

(5)   ASI LLOYDS failed within a reasonable time to affirm or deny coverage of a
claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section
21.203(10));

(6)   ASI LLOYDS failed to adopt and implement reasonable standards for the prompt
investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann.
542. 003(b)(3); 28 TAC section 21.203(3));

(7)   ASI LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount
due under a policy by offering substantially less than the amount ultimately
recovered in a suit brought by the policyholder (Tex. Ins. Code Ann.
542.003(b)(5); 28 TAC section 21.203(6);

(8)   ASI LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section
21.203(18));

(9)   ASI LLOYDS undertook to enforce a full and final release of a claim from a
policyholder when only a partial payment has been made, unless the payment is a
compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann.
541.060(a)(6); 28 TAC section 21.203(13));

7

Electronically Filed
ERACRBAROMY1PIZ8:19 AM
4/8/2012gc2CquatyFDistrict Clerks
HRelajevCaducEy:Daftrios CFedentes
Reviewed By: Omar Escamilla

(10)   ASI LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)   ASI LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)   the terms of the policy; and/or

        (ii)   the benefits or advantages promised by the policy.

    (b)   ASI LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

    (c)   ASI LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

    (d)   ASI LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

    (e)   Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

    (f)   Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

Electronically Filed
Electronically Filed 8:19 AM
4/3/2015 2:09 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

ASI LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS for which it sues.

### IX.    Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claims were presented to ASI LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, ASI LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, ASI LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ASI LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, ASI LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS. ASI LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS for which they sue.

### X.    Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to ASI LLOYDS. ASI LLOYDS has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFFS claims. ASI LLOYDS' reliance on reports and

9

Electronically Filed
ElevideoQRt4fJyl1Fi88l19 AM
4/8/Jdelg1go2County/FDistrict Clerks
HRelgewCadiRy:DffnicsCFedentes
Reviewed By: Omar Escamilla

estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. ASI LLOYDS' investigation and use of adjusters' reports was an "outcome oriented investigation.". ASI LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

    (a)    Failing to notify PLAINTIFFS in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

    (b)    Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

    (c)    Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from ASI LLOYDS the statutory penalty of 18% per annum on all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they sue.

## XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or are excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by ASI LLOYDS as to any exclusion, condition, or defense pled by ASI LLOYDS, PLAINTIFFS would show that:

Electronically Filed
3/6/2015 3:08:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by ASI LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with ASI LLOYDS. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, ASI LLOYDS is judicially, administratively, or equitably estopped from

Electronically Filed
Electronically Filed 8:19 AM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla
Reviewed By: Omar Escamilla

denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

XIII.   JURY DEMAND

PLAINTIFFS request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

XIV.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that ASI LLOYDS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

V. GONZALEZ & ASSOCIATES, P.C.<br>121 N. 10th St.<br>McAllen, Texas 78501

Electronically Filed
Electronically Filed 9:19 AM
4/6/2015 2:00:29 PM
Hidalgo County District Clerks
Reviewed By: Omar Escamilla

Telephone: (956) 630-3266
Facsimile: (956) 630-0383

_/s/ PAPE MALICK DJIBA_
PAPE MALICK DJIBA
mdjiba@vgonzalezlaw.com
State Bar No. 24087430
ALOYSIUS PETER THADDEUS, JR.
peter@vgonzalezlaw.com
State Bar No. 19819500
VICENTE GONZALEZ
State Bar No. 00798215
ATTORNEYS FOR PLAINTIFFS

Electronically Filed
4/6/2015 10:36:01 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

CAUSE NO. C-2888-14-B

| | | |
|---|---|---|
| ELOY SAENZ AND MIGUEL | § | IN THE DISTRICT COURT |
| DOMINGUEZ AND DEANNA SANCHEZ, | § | |
|     *Plaintiffs,* | § | |
| | § | |
| vs. | § | 93RD JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS, | § | |
|     *Defendant.* | § | |
| | § | HIDALGO COUNTY, TEXAS |

**<u>DEFENDANT ASI LLOYDS' FIRST AMENDED
ANSWER AND SPECIAL EXCEPTIONS</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant ASI LLOYDS and files this, its First Amended Answer and Special Exceptions, and would respectfully show unto the Court the following:

**I.**
**<u>ORIGINAL ANSWER</u>**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' First Amended Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
**<u>SPECIFIC DENIAL</u>**

Plaintiff Eloy Saenz's claims against ASI Lloyds are barred by res judicata, as Saenz's claims against ASI Lloyds were dismissed with prejudice on August 15, 2014. (Exhibit A).

Plaintiffs' filing of additional claims in this lawsuit styled Cause No. C-2888-14-B is improper, as this lawsuit was dismissed on August 15, 2014 with an order that "any relief not specifically granted herein is hereby denied." (Exhibit A).

Electronically Filed
4/6/2015 10:56:01 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## III.
## APPRAISAL

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

## IV.
## SPECIAL EXCEPTION

Defendant specially except to Plaintiffs' failure to specify a maximum amount of damages claimed as required by Tex. Rules of Civ. Procedure 47, 169.

## V.
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, and Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Electronically Filed
4/6/2015 10:56:01 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**


*/s/ Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I certify that on this 6th day of April, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Pape Malick Djiba
V. GONZALEZ & ASSOCIATES
121 N. 10th Street
McAllen, Texas 78501


*/s/ Jay Scott Simon*
Jay Scott Simon

Electronically Filed
8/13/2014 4:28:15 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

CAUSE NO. C-2888-14-B

| ELOY SAENZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ASI LLOYDS, | § | |
| *Defendant.* | § | 93RD JUDICIAL DISTRICT |

## AGREED ORDER OF DISMISSAL WITH PREJUDICE

The Court, after having considered Plaintiff ELOY SAENZ and Defendant ASI LLOYDS' Agreed Motion for Dismissal with Prejudice, is of the opinion that it should be granted.

IT IS THEREFORE ORDERED that Plaintiff's claims against all Defendants, are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the parties shall bear their own costs.

IT IS FURTHER ORDERED any relief not specifically granted herein is hereby denied.

IT IS SO ORDERED.

8/15/2014

Signed on this the ____ day of _____, 2014.

_____

JUDGE PRESIDING

2048365v1
04098.341

**EXHIBIT A**

Electronically Filed
3/13/2014 4:28:15 PM
Hidalgo County District Clerks
Reviewed By: Alessandra Galvan

**AGREED:**

_____

Aloysius Peter Thaddeus, Jr.
State Bar No. 19819500
V. Gonzalez & Associates
121 N. 10th St.
McAllen, Texas  78501
Telephone:  (956) 630-3266
Facsimile:  (956) 630-0383
peter@vgonzalezlaw.com

**ATTORNEYS FOR PLAINTIFF**


_____

Jay Scott Simon
State Bar No. 24008040
Christina A. Culver
State Bar No. 24078388
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8216
Facsimile:  (713) 403-8299
jsimon@thompsoncoe.com
cculver@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**


2048365v1
04098.341